NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

2006-1225


GERSH KORSINSKY,

Plaintiff-Appellant,

v.

MICROSOFT CORPORATION,

Defendant-Appellee.

_____

DECIDED:  August 16, 2006

_____


Before NEWMAN, MAYER, and RADER, Circuit Judges.

NEWMAN, Circuit Judge.


Gersh Korsinsky appeals the decision of the United States District Court for the Eastern District of New York granting summary judgment of noninfringement in favor of Microsoft Corporation.[1]  We affirm.

---

[1] Korsinsky v. Microsoft Corporation, No. 04CF2695, 2005 WL 1123769 (E.D.N.Y. Mar. 31, 2005).

BACKGROUND

On April 5, 1998 the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 4,736,447 to Mr. Korsinsky. The patent expired on April 7, 1992 because Mr. Korsinsky did not pay the required 3.5 year maintenance fee. On April 28, 2004 Mr. Korsinsky filed a petition requesting reinstatement of the patent on the ground that he had never received the maintenance fee reminder. The PTO denied the petition on May 17, 2004 and informed him that he could petition for reconsideration within two months. Mr. Korsinsky submitted a request for reconsideration on September 8, 2004, this time arguing that he failed to pay the fee because his wife would not allow him to do so. The PTO requested further support, and Mr. Korsinsky responded by letter on October 26, 2004.

On June 29, 2004 Mr. Korsinsky filed an action against Microsoft alleging infringement of the '447 patent. Rather than answer the complaint, Microsoft moved to dismiss the action for failure to state a claim, stating that Mr. Korsinsky had no infringement claim against Microsoft because his patent had expired on April 7, 1992, see 35 U.S.C. §271(a) ("whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent thereof, infringes the patent") (emphasis added). Because Microsoft relied on materials beyond the pleadings, the court treated the motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, in accordance with Rule 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56"). On January 27, 2005 the

court notified the parties of the conversion and instructed them to submit any additional relevant materials. Mr. Korsinsky submitted affidavits and other materials in support of his position.

On March 31, 2005 the district court granted summary judgment of noninfringement in favor of Microsoft. The court acknowledged that Mr. Korsinsky's *pro se* papers must be read liberally, but held that it was clear that Mr. Korsinsky had no infringement claim against Microsoft, because the patent had expired twelve years earlier and any claim Korsinsky might have had for damages prior to the expiration date would be barred by 35 U.S.C. §286 ("Except as otherwise provided by law, no recovery shall be had for any infringement committed more than six years prior to the filing of the complaint or counterclaim for infringement in the action"). On April 20, 2005 Mr. Korsinsky moved for relief from the judgment pursuant to Rule 60(b). The court denied the motion on May 11, 2005. Mr. Korsinsky then filed an appeal with the Second Circuit, which transferred the appeal to the Federal Circuit.

DISCUSSION

Mr. Korsinsky argues that the district court failed to consider questions regarding the constitutionality of the patent maintenance fee statute and the statute of limitations, as well as his rights under Article I §8 of the Constitution and the Fifth Amendment to the Constitution. Microsoft replies that the district court properly granted summary judgment, that Mr. Korsinsky did not raise these constitutional issues before the district court, and that they are not appropriately raised in an action against Microsoft, a private entity. Microsoft also points out that Mr. Korsinsky is litigating these issues in a separate action directly

challenging the Director's subsequent denial of reinstatement.  See Korsinsky v. Godici, 2005 WL 2312886 (S.D.N.Y. Sept. 22, 2005).

We agree that the district court did not err in granting summary judgment of noninfringement.  Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Johnston v. IVAC Corp., 885 F.2d 1574, 1576-77 (Fed. Cir. 1989).  The district court properly considered the undisputed facts in this case, including the expiration date of the '447 patent (April 7, 1992), the date of Mr. Korsinsky's complaint (June 29, 2004) and the fact that damages prior to the expiration date of the '447 patent would be barred by 35 U.S.C. §286.

Neither of the parties discusses whether the district court should have stayed the case pending the resolution of the PTO proceedings.  The district court acknowledged Mr. Korsinsky's efforts to reinstate the expired patent, but found "no indication in the record that the PTO has reached any decision on [his] delayed request for reconsideration."  Korsinky, 2005 WL 1123769, at *1.  The district courts have discretion to stay an action pending PTO proceedings.  See Medichem, S.A. v. Rolabo, S.L., 353 F.3d 928, 936 (Fed. Cir. 2003) (a stay pending proceedings in the PTO is "an option within the district court's discretion").  We discern no abuse of discretion in the court's consideration of the parallel proceedings.

We have considered all of Mr. Korsinsky's arguments, and conclude that the appealed judgment must be affirmed.